UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS
KANSAS CITY DIVISON

| | |
|---|---|
| LEANN CARLTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE PRUDENTIAL INSURANCE COMPANY | ) |
| OF AMERICA, | ) Case No. 21-2542 |
| | ) |
| and | ) |
| | ) |
| KANSAS CITY UNIVERSITY OF MEDICINE | ) |
| AND BIOSCIENCES LONG TERM DISABILITY | ) |
| INSURANCE PLAN, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

1. The Plaintiff, Leann Carlton, by and through the undersigned counsel, Talia Ravis, files this Complaint against The Prudential Insurance Company of America (hereinafter "Prudential") and Kansas City University of Medicine and Biosciences Long Term Disability Insurance Plan (hereinafter "The Plan").

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001. The Court has jurisdiction over this case pursuant to 28 U.S.C. §1331, in that this action arises under the laws of the United States. Specifically, Leann Carlton brings this action to enforce her rights under ERISA as authorized by 29 U.S.C. §1132(a)(1)(B).

3. The Plaintiff, Leann Carlton, has at all time material hereto, been a citizen of Johnson County, Kansas.

4. Prudential is a New Jersey for-profit corporation doing business in Johnson County, Kansas. Therefore, pursuant to 29 U.S.C. §1132(e)(2), venue is proper in the Kansas City Division.

5. Prudential issued the Plan, which includes Long Term Disability Group Plan No. G-22365-MO, to Kansas City University of Medicine and Biosciences, for the benefit of its employees, in the event that they become disabled and unable to work on long-term basis.

6. Prudential is the claims administrator for the long-term disability policy.

7. The Plan is an employee welfare plan that provides long-term disability benefits to Plan participants in the event they become disabled on a long-term basis. The LTD benefit pays a monthly benefit equal to 60% of the employee's salary. The LTD benefits are payable as long as the participant remains totally and permanently disabled, through the longer of age 67 or the employee's Social Security Normal Retirement Age.

8. Prudential actually insures the long-term disability coverage to Kansas City University of Medicine and Biosciences.

9. Prudential is the payor of Plaintiff's long-term disability claim.

10. Prudential has a financial interest in Plaintiff's long-term disability claim.

11. Prudential has a conflict of interest in Plaintiff's long-term disability claim.

12. Plaintiff requests a trial on all issues triable, and designates Kansas City, Kansas, as its place of trial for this action.

## II. FACTUAL OBLIGATIONS

A. Vocational Information

13. Plaintiff began employment with Kansas City University of Medicine and Biosciences (KCUMB) in August of 1996.

14. Plaintiff worked as a Director/Assistant Dean of Student Affairs for KCUMB. In this position, Plaintiff's role included a number of responsibilities, including, but not limited to:

- Ensuring students receive adequate and appropriate services.
- Maintaining appropriate lines of communication with a variety of constituents.
- Planning and executing various activities and events.
- Assisting with student orientation.

In addition to this list, a Director/Assistant Dean of Student Affairs must possess the following skills:

- Excellent communication (oral/written), listening, and interpersonal skills.
- Detail-oriented, very organized, able to provide guidance and leadership to groups of leaders.
- Proficient in Microsoft Office.
- A self-starter and highly motivated to excel.
- The ability to set priorities, establish goals, and handle multiple tasks simultaneously, while completing assignments accurately and timely.
- The ability to be flexible and adjust tasks as priorities change.
- The ability to serve KCU and its students in a professional, caring, and effective manner; and
- The ability to have flexible hours to enable effective and appropriate attendance and participation in student activities.

### B. The Definition of "Disability" Under the Plan.

15. According to the terms of the Plan, "Disability" is defined as:

*"You are disabled when Prudential determines that, due to your **sickness or injury:***
- *you are unable to perform the **material and substantial duties** of your **regular occupation**, or you have a 20% or more loss in your **monthly earnings;** and*
- *you are under the **regular care** of a **doctor.***

    *After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:*
- *you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and*
- *you are under the regular care of a doctor.*

*The loss of a professional or occupational license or certification does not, in itself, constitute disability.*

3

*Prudential will assess your ability to work and the extent to which you are able to work by considering the facts and opinions from:*
- *your doctors; and*
- *doctors, other medical practitioners or vocational experts of our choice.*

*When we may require you to be examined by doctors, other medical practitioners or vocational experts of our choice, Prudential will pay for these examinations.  We can require examinations as often as it is reasonable to do so.  We may also require you to be interviewed by an authorized Prudential Representative.  Refusal to be examined or interviewed may result in denial or termination of your claim."*
[LTD Plan, page 10]

16. The Plan defines "Material and substantial duties" as:

*"**Material and substantial duties** means duties that:*
- *are normally required for the performance of your regular occupation; and*
- *cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week.  Prudential will consider you able to perform that requirement if you are working or have th4 capacity to work 40 hours per week."*
[LTD Plan, page 10]

17. The Plan defines "Regular occupation" as:

*"**Regular occupation** means the occupation you are routinely performing when your disability begins.  Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location."*
[LTD Plan, page 10]

18. The Plan defines "Gainful occupation" as:

*"**Gainful occupation** means an occupation, including self employment, that is or can be expected to provide you with an income within 12 months of your return to work, that exceeds:*
- *80% of your **indexed monthly earnings** if you are working; or*
- *60% of your monthly earnings, if you are not working."*
[LTD Plan, page 12]

C.  **Medical Information Supporting Plaintiff's Total Disability.**

19. In March of 2017, Plaintiff was forced to stop working due to the disabling effects of a right basilar skull fracture, subarachnoid hemorrhage, left cerebellar brain

contusion/infarct chronic pain, traumatic brain injury, degenerative disc disease, spondylosis of lumbosacral region, and osteoporosis.

20. As a result of these ailments, Plaintiff suffers from a propensity to fall, fatigue, weakness, memory loss, chronic pain, seizures, migraines, decline in cognitive ability, and a balance disorder.

21. Plaintiff has attempted to treat her multiple disabling conditions with pain medications, physical therapy, and treatment with a pain specialist, but nothing has provided her with enough relief to return to work.

22. Plaintiff's physicians have consistently held that Plaintiff has remained totally disabled from performing the material duties of her regular or any gainful occupation, since she was forced to stop working in March of 2017, and that she continues to remain totally and permanently disabled today.

**D.  Claim Information under the Plan.**

23. In March of 2017, Plaintiff was no longer able to work due to the severity of her conditions.

24. In a letter dated April 3, 2017, Prudential approved Plaintiff's claim for short-term disability benefits and began paying her accordingly.

25. In a letter dated September 6, 2017, Prudential approved Plaintiff's claim for long-term disability benefits, acknowledging that Plaintiff was disabled from performing the material and substantial duties of her regular occupation.

26. After paying Plaintiff for 23-months and despite no change nor improvement in her condition, Prudential abruptly terminated Plaintiff's LTD claim in a letter dated August

13, 2019.  In the termination letter, Prudential alleged that Plaintiff could return to her regular occupation as a Director/Assistant Dean of Affairs.

27. Plaintiff's Social Security Disability claim was approved in March of 2020.  In approving her claim for benefits, the Social Security Administration determined that Plaintiff was unable to perform "any substantial gainful activity" as of September 2017.

28. In July of 2020, with the help of former counsel, Plaintiff appealed Prudential's termination decision.

29. As part of Plaintiff's appeal, Plaintiff submitted to Prudential evidence supporting the fact that her conditions are permanent and have not improved in any way, including updated medical records showing continuous treatment for her conditions.

30. In a December 9, 2020 supplement to Plaintiff's appeal, Plaintiff submitted updated medical records and a December 9, 2020 vocational assessment, all in support of Plaintiff's claim.

31. In a June 23, 2021 supplement to Plaintiff's appeal, Plaintiff submitted updated medical records, charge codes, and a letter of support from physical therapist, Kyle Palermo.

32. Despite this evidence, in a letter dated October 14, 2021, Prudential upheld the termination of Plaintiff's claim for LTD benefits, once again alleging that Plaintiff could return to working in her regular occupation.

33.  The medical information in Prudential's claim file establishes that Plaintiff was entitled to receive long-term disability benefits under the Plan for the entire duration of the benefit period.

34. Plaintiff's physicians have consistently and continually reported to Prudential that Plaintiff continues to be totally disabled from her regular or any occupation.

35. Plaintiff provided significant proof of disability. Despite this proof, Defendants refused to pay Plaintiff her LTD benefits.

36. In determining Plaintiff's LTD benefits, Prudential acted as a fiduciary in the administration of Plaintiff's claim.

37. Prudential, acting under a conflict of interest, breached its fiduciary duties set forth in ERISA §404, 29 U.S.C. §1104, in failing to act for the exclusive benefit of Plaintiff and in failing to act in accordance with the terms of the Plan.

38. Plaintiff has exhausted her administrative remedies.

## CLAIMS FOR RELIEF

### COUNT 1: Wrongful Termination of Long Term Disability Benefits.

39. The foregoing paragraphs are hereby re-alleged and are incorporated herein by reference.

40. From March of 2017 until the present, Plaintiff has remained unable to perform the material and substantial duties of her regular or any gainful occupation.

41. Plaintiff has provided the Defendants with substantial evidence verifying her total disability and eligibility for continued LTD benefits under the Plan.

42. Plaintiff's physicians have reported that she is unable to work due to the seriousness of her conditions.

43. Defendants have wrongfully terminated Plaintiff's claim for long-term disability benefits in violation of the Plan and ERISA.

44. Defendants have breached the Plan and violated ERISA by failing to pay disability benefit payments to Plaintiff at a time when the Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Plan.

45. Plaintiff is informed and believes and thereon alleges that Defendants wrongfully terminated her LTD benefits under the Plan by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendants aware of once said acts or omissions are discovered by Plaintiff.

46. Following the termination of benefits under the Plan, Plaintiff exhausted all administrative remedies required under ERISA and/or demonstrated by Defendant's actions herein, attempts to pursue further administrative remedies would have been futile.

47. Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Plan.

48. As a proximate result of the aforementioned wrongful conduct of Prudential and The Plan, Plaintiff has damages for loss of LTD benefits in a total sum to be shown at time of trial.

49. The wrongful conduct of Prudential and The Plan has created uncertainty where none should exist; therefore, Plaintiff is entitled to enforce her rights under the terms of The Plan.

50. Defendant Prudential abused its discretion by wrongfully terminating Plaintiff's LTD benefits.

51. By terminating Plaintiff's claim despite a plethora of evidence supporting her eligibility for benefits under The Plan, Defendants terminated Plaintiff's claim in bad faith.

WHEREFORE, the Plaintiff, Leann Carlton, requests that this Honorable Court enter Judgment:

A. Finding that Leann Carlton is entitled to LTD benefits and order the Defendants to pay all past due benefits and pay for future monthly benefits as they become due.

8

B. Award the Plaintiff interest in the amount of past due benefits; which remain unpaid.

C. Award Plaintiff her attorney's fees and costs.

D. Awarding all other relief as may be just and appropriate.

Dated: November 19, 2021

                                        Respectfully Submitted,

                                        /s/Talia Ravis
                                        Talia Ravis
                                        KS Bar #22212
                                        Law Office of Talia Ravis, P.A.
                                        9229 Ward Parkway, Suite 370
                                        Kansas City, Missouri 64114
                                        816-333-8955
                                        800-694-3016 (fax)
                                        talia@erisakc.com

                                        *Attorney for Plaintiff*